## DENNIS FINN *v.* PRICE ROCHFORD.

[Abstract Kentucky Law Reporter, Vol. 6—654.]

### Destruction of Bond for a Deed.

Where a bond for a deed contained a reservation of a right of way over the land but did not locate the right of way and the bond has been destroyed by fire, the court upon proof will locate such right of way in a manner so as to injure the land owner the least.

### Boundary—Estoppel to Dispute Location.

Adjoining landowners who agreed upon a disputed boundary line and occupied their lands in respect to it for fifteen years are estopped to dispute its location.

### Easements—Locating Passway.

A passway located by the trial court in accordance with the terms of a bond for a deed was held to be convenient and fair to both parties and will not be disturbed on appeal.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 14, 1885.

OPINION BY JUDGE HOLT:

In 1865, the appellant, Dennis Finn, purchased about 133 acres of land from one Hall, situated near South Licking River and about three miles from Falmouth, Ky., and it was conveyed to him on December 3, 1867.

His brother-in-law, Price Rochford, was present and assisted in negotiating the trade, and by agreement was to have forty acres of the land, it to be laid off in convenient shape nearest to said river. The appellant alleges in his petition that the bond for a title. which he gave to his brother-in-law and which was burnt up with the latter's house in 1871, "reserved the plaintiff over said forty acres when so laid off, a road from the residence of said tract in the most convenient way to reach the town of Falmouth."

The appellant brought this action on May 9, 1891, asking a judgment that the forty acres be allotted, that he then be permitted to convey it, reserving in his deed the passway.

The appellant denied that any passway whatever had been reserved, and alleged that shortly after the purchase of the land, appellant employed a surveyor, and had appellee's land laid off to him; that they then agreed upon and found the dividing line, and it had been recognized as such ever since; and that shortly after the purchase each of them had taken possession of his respective portion, and had held, used, and been improving it ever since.

The testimony shows that appellee has in fact about 44½ acres; and the appellant claims in argument, and that he is entitled to the passway over the route of an old one, which at one time ran rather diagonally through the land, but was travelled but little and had been closed for several years before this suit was brought, and inasmuch as the lower court decided that the division line between them had been found by an agreement between them, and gave appellant a passway over appellee's land not on the route of the old one, it is now claimed that the court made a new contract for them both, as the appellant says he sold the appellee but forty acres, and that the bond located the passway over the route of the old one.

The weight of the testimony shows, that shortly after the purchase from Hall, the parties met upon the land with a surveyor, that they at first differed some as to where the division line should run, but finally agreed upon it, and that it was surveyed and found and has

been the recognized division line between them ever since, a fence having been placed upon it very soon after the survey.

The long acquiescence in the line so found, and the possession by each of his portion so allotted for about fifteen years and its improvement by him, forbid its being now disturbed.

Moreover, the chancellor provided equitably for appellant as to the excess of land, by saying to him in the judgment, that he might, if he chose to do so, amend his pleadings and claim its value.

It appears that appellant has now no use for the passway unless it be to avoid passing through a toll gate, as since the sale to the appellee, a turnpike has been built running through appellant's own land for about a mile, and from thence to Falmouth, and it is quite unlikely that, but for an unfriendly feeling between these relatives, the courts would never have been troubled with this controversy.

The only witnesses as to the contents of the bond are the appellant, who testifies simply that he was to have a passway through the appellee's land; the appellee, who negatives this, and the draftsman of the bond, who says "it reserved a passway, and if my recollection serves me right it was to run where there was a road at that time, which was used as a passway leading into Falmouth."

Upon this testimony the court below properly held, that the appellant was entitled to a passway because "it was nominated in the bond," but found it upon a different route from the old one, after not only hearing the testimony, which is conflicting, but going upon the land in person with the attorneys in the case, and also sending the Master Commissioner to locate it.

The appellant in his petition sues for no located passway, nor does he allege that the bond forced its route. The evidence is conflicting as to whether the one as allowed by the court is as convenient and as easily traveled as the one that formerly existed over the land; while it is clearly shown that if it is located upon the route of the old one it will greatly injure the appellants land.

Under these circumstances the action of the lower court in this respect ought not to be disturbed, and the judgments appealed from are affirmed.

Judgment *affirmed.*

*Clark & Applegate, for appellant.*

*C. H. Lee,* for appellees.
[Cited, *Grider v. Davenport,* 22 Ky. L. 1456, 60 S. W. 866.]